IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW J. WETTER,

                         Plaintiff,                         OPINION AND ORDER

     v.

                                            24-cv-705-wmc

NP LESLIE E. McKEE and
JOHN DOES #1-5,

                         Defendants.

Plaintiff Matthew J. Wetter, who is representing himself while in state prison, has filed a complaint under 42 U.S.C. § 1983, alleging that the defendants have violated his rights under the Eighth Amendment by denying him adequate medical care for a wart on his pinkie toe. (Dkt. #1.) Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee, the court must screen the complaint as required by the Prison Litigation Reform Act and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such claims. *See* 28 U.S.C. § 1915A. When screening a self-represented litigant's complaint, the court must apply a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). For the reasons explained below, the court deny leave to proceed and will dismiss the complaint, but will allow an opportunity to amend.

ALLEGATIONS OF FACT[1]

At all times relevant to the complaint, plaintiff Matthew J. Wetter was incarcerated by the Wisconsin Department of Corrections ("DOC") at the Stanley Correctional Institution. The defendants are Nurse Practitioner Leslie E. McKee and five John Doe HSU staff members whose role plaintiff does not describe.

Plaintiff alleges that on May 17, 2024, he was seen by NP McKee in the Health Services Unit ("HSU") for a wart on the pinkie toe of his left foot. When plaintiff asked if McKee could "cut the wart off," she advised him that they were not able to carry out that type of procedure at the prison. Instead, McKee applied "wart removal spray" and released plaintiff back to his unit with instructions to not put any weight on his left foot.

Plaintiff alleges that within an hour of returning to his unit, he noticed that two of his toes that were also sprayed by McKee were blistered and were "causing severe pain." An hour later, plaintiff's foot was "bleeding" and the toes that were sprayed had "turned black." An officer (who is not a defendant) contacted HSU and plaintiff was allowed to return. When plaintiff was seen in the HSU, he was told that his toes had "frostbite" from the wart removal spray.

Plaintiff alleges that the frostbite caused him pain and impacted his daily activities, although he does not elaborate. Plaintiff alleges further that on May 20, 2024, two of his he required a separate procedure to cut off a "chunk of skin" on his affected toe. Plaintiff claims that McKee and unidentified HSU staff members violated his Eighth Amendment

---

[1] Unless otherwise indicated, the allegations of fact in this section are taken from plaintiff's complaint and are presumed true for purposes of screening.

rights by not sending him offsite to see a "foot specialist" to treat his wart and instead provided a "less efficient treatment that was ineffective" and caused unnecessary pain from frostbite.

OPINION

Prison officials may violate the Eighth Amendment by denying a prisoner adequate care with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state an Eighth Amendment claim, a prisoner must allege that: (1) he has an objectively serious medical condition; and (2) defendants acted with deliberate indifference to that condition. *Christensen v. Weiss*, 145 F.4th 743, 752 (7th Cir. 2025). An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A prison official acts with the requisite deliberate indifference only if the official "*actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

To begin, several courts, including this one, have recognized that warts do not constitute a serious medical need. *Schlemm v. Fuchs*, No. 21-cv-331-wmc, 2026 WL 674218, at *7 (W.D. Wis. March 10, 2026); *see also Page v. Scott*, No. 07 Civ. 287, 2009 WL 604922, at *6 (D. Nev. Feb. 17, 2009) (plantar warts are not a serious medical need); *Whitfield v. O'Connell*, No. 09 CIV. 1925, 2010 WL 1010060, at *8 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 402 F. App'x 563 (2d Cir. 2010) ("Warts do not constitute a serious medical need under the Eighth Amendment."); *McCrary v. Godwin*, No. CV 2:23-00334-TFM-N,

2024 WL 5329918, at *7 (S.D. Ala. Dec. 6, 2024) ("foot calluses and plantar warts" were "not objectively serious medical needs").

Plaintiff concedes that defendant McKee rendered prompt treatment when he sought medical attention for the wart on his pinkie toe and used medication that she believed would be effective to remove the wart. These actions are the opposite of deliberate indifference and do not suggest a violation of the Eighth Amendment. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). The fact that prescribed treatment proves ineffective does not support a deliberate indifference claim. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). To the extent that the treatment provided resulted in frostbite, which might amount to malpractice or negligence, allegations of this sort do not rise to the level of an Eighth Amendment violation and are not actionable under 42 U.S.C. § 1983. *See id*. at 679; *White v. Corrs. Med. Servs*., No. 06 Civ. 680, 2006 WL 1391298, at *2 (E.D. Mo. May 19, 2006) (prisoner's allegations of ineffective wart removal and resulting pain "may be cognizable as a negligence or medical malpractice claim under state law, [but] they are insufficient to sustain a constitutional violation").

In addition, plaintiff has further failed to state a claim against the John Doe HSU staff members because he does not allege facts showing they had any personal involvement in his care or that they are otherwise liable under § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual

4

liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim.").

To the extent that plaintiff faults any of the defendants for treating his wart in the prison Health Services Unit instead of sending him to an offsite specialist, the Eighth Amendment does not entitle a prisoner to "demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Likewise, a prisoner's "[m]ere dissatisfaction or disagreement with a [health care provider's] course of treatment" does not raise to the level of deliberate indifference under circumstances such as those alleged by plaintiff here. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Accordingly, for the foregoing reasons, the court will not grant plaintiff leave to proceed with claims against defendant McKee or the unidentified John Doe defendants, and will dismiss the complaint for failure to state a claim upon which relief may be granted under § 1983.

The Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will grant plaintiff an opportunity to file an amended complaint, provided that he can assert additional facts in good faith against the defendants concerning the allegations raised in his original pleading. Plaintiff

is advised that if he fails to file an amended complaint within the time allowed, the case

will be dismissed and the court will enter a strike for purposes of 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Matthew J. Wetter is DISMISSED without prejudice for failure to state a claim.

2) Plaintiff may have until **August 10, 2026,** in which to file an amended complaint concerning the circumstances asserted in the original pleading.

3) If plaintiff files an amended complaint, the court will screen it as required under 28 U.S.C. §§ 1915(e)(2) and 1915A. If he does not file an amended complaint, the case will be dismissed and the court will enter a strike for purposes of 28 U.S.C. § 1915(g).

Entered this 10th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge